Filed 2/18/21  RSF Associates, LLC v. Nieto CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| RSF ASSOCIATES, LLC,<br><br>        Plaintiff, Cross-defendant, and Respondent,<br><br>        v.<br><br>NATHANIEL NIETO,<br><br>        Defendant, Cross-complainant, and Appellant. | D076227<br><br><br>(Super. Ct. No. 37-2018-00001161-CU-BC-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert P. Dahlquist, Judge.  Affirmed.

Nathaniel Joseph Nieto, in pro. per., for Defendant, Cross-complainant and Appellant.

Law Offices of Darren J. Quinn and Darren J. Quinn, for Plaintiff, Cross-defendant and Respondent.

In this contract action, the court issued a detailed ruling after a bench trial, finding in favor of plaintiff and cross-defendant RSF Associates, LLC (RSF) on the complaint and on the cross-complaint. Defendant and cross-complainant Nathaniel Nieto, doing business as Dave Heyden Landscaping (Heyden Landscaping), challenges the court's ruling. We affirm.

BACKGROUND

*Facts*

RSF is a general contractor that built two new buildings on land it owned in the City of San Marcos (City). RSF and Heyden Landscaping entered into a written contract for Heyden Landscaping to provide all landscaping for the property, including underground irrigation, for a fixed cost of $52,500. This dispute arises out of the landscaping to be installed on a strip of land between the sidewalk and the developed property, known as the Community Facility District (CFD). In its contract with Heyden Landscaping, RSF required that the landscaping on the CFD had to be approved by the City, using plans and materials approved by the City in advance, and with inspection and approval by the City of the installation and materials in the trenches for underground irrigation before the trenches were closed. Nieto and his crew started work on the project in April 2017.

On September 18, 2017, RSF's superintendent had an argument with Nieto at the site. The superintendent told Nieto that the work was progressing too slowly. RSF wanted to open the site by October 10, 2017. Nieto knew of this deadline. The landscaping work at that point "was not close to being completed." Nieto left the site with his crew after the argument and never returned to complete the work.

2

The work that Heyden Landscaping had completed up until September 18 was not approved by the City. A city inspector subsequently inspected the irrigation pipes that Heyden Landscaping had laid, and told RSF that the materials and the entire plan for irrigation layout had not been approved, and it would not be approved due to conflicts with trees, depth, and possible hydraulics issues.

An employee of RSF talked with Nieto about returning and completing the job. Nieto would not agree to return unless certain conditions were met. He also said he did not have a sufficient work crew to return to the job until October.

RSF hired another landscaper. After conferring with the City inspector, the second landscaper concluded that most of Heyden Landscaping's work on the CFD was "useless." It had to be torn out and redone. The new landscaper finished the work by early December.

*Procedure*

RSF filed a complaint against Nieto, doing business as Heyden Landscaping, for breach of contract. Nieto cross-complained for breach of contract, goods and services rendered, and foreclosure of two mechanic's liens he had filed.

The court heard evidence over four days. At the conclusion, the court found that "Nieto failed to perform as required by the contract. The work performed by Nieto did not satisfy the City's standards, as required by the contract. Nieto did not supply sufficient resources to complete the contract in a timely manner." The court found that Nieto left the job without valid justification, causing RSF to hire another landscaping company to complete the contract work.

The court entered judgment on June 28, 2019, awarding RSF a net amount of $37,222.61. The court ruled against Nieto on his cross-complaint. Nieto appealed. RSF later obtained an award of costs and of attorney fees of more than $125,000.00. The court issued an amended judgment in the total amount of $171,322.51 on September 18, 2019. Nieto did not appeal from the amended judgment.

## DISCUSSION

Nieto challenges the judgment of the trial court on three grounds: (1) RSF breached the contract by failing to pay Nieto pursuant to the terms of the contract; (2) RSF breached the contract by requiring Nieto to hire unlicensed day laborers; and (3) the court erred in awarding attorney fees to RSF.

### I. *Standard of Review*

The three fundamental principles of appellate review are: "(1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error. [Citations.]" (*Fladeboe v. American Isuzu Motors Inc*. (2007) 150 Cal.App.4th 42, 58–62 (*Fladeboe*).) In determining whether substantial evidence supports the court's judgment, we view the evidence in the light most favorable to the judgment. (*Phillips v. Campbell* (2016) 2 Cal.App.5th 844, 849–850.) We do not reweigh the evidence or second-guess the credibility of a witness. (*In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531 (*Balcof*).)

### II. *Contract Issues*

#### A. *Failure to Pay*

Nieto claims that RSF breached the contract first by failing to pay Heyden Landscaping after July 2017.

4

1. *Applicable Law*

Nieto was entitled to be paid for substantial performance, but RSF could reduce the amount owed to compensate for defects in performance. (*Magic Carpet Ride LLC v. Rugger Investment Group, L.L.C.* (2019) 41 Cal.App.5th 357, 364; *Kossler v. Palm Springs Developments, Ltd.* (1980) 101 Cal.App.3d 88, 102 [party to a contract entitled to reduction in contract price to compensate for deficiencies].) Substantial performance of the terms of the contract requires " 'that the defects be such as may be easily remedied or compensated, so that the promisee may get practically what the contract calls for.' " (*Magic Carpet Ride*, at p. 364.) Whether Nieto substantially performed in accordance with the terms of the contract is a question of fact that is left to the factfinder. (*Ibid.*) We affirm the court's ruling on deficiencies in substantial performance if the court's findings were supported by substantial evidence. (*Schellinger Brothers v. Cotter* (2016) 2 Cal.App.5th 984, 1002 (*Schellinger*).)

2. *Background*

Nieto's cross-complaint sought about $9,400 from RSF for work completed for which it was not paid. The court found that Nieto was not entitled to recover any money from RSF because Nieto failed to perform as required by the contract.

As a preliminary matter, RSF contends that no money was owed to Nieto because the contract attached to the cross-complaint stated that payment would be due upon completion of the project. Nieto counters that an attachment to the contract, page 15, provided for monthly payments as work progressed. The court granted leave to admit page 15 as an exhibit, but stated that the outcome was the same even with that page included as part of

the contract.[1]  The court stated its "decision on the merits of the case does not turn on whether the parties' contract contained 'page 15.'"  We assume there was a provision for monthly payments, as RSF paid Heyden Landscaping monthly from June through July, but, like the trial court, our review does not depend on the existence of the payment schedule.

### 3. *Substantial Evidence Supports the Court's Finding*

Substantial evidence supported the court's finding that Nieto was not entitled to payment for work performed because Nieto failed to comply with the terms of the contract.  A landscape inspector for the City testified that Heyden Landscaping installed the irrigation pipes incorrectly and did not comply with city plans and material requirements that the City had discussed with Nieto in April and in later communications.  A representative from the landscaping company hired to complete the work testified that 80 percent of the work done by Heyden Landscaping was out of place or done incorrectly.  It was necessary to tear out all the existing lines and start anew.  The landscaping was being done at too slow of a pace, and Nieto was bringing too few crew members, according to Andrew Regan, RSF's construction superintendent, and Donald Jack, one of the owners of RSF.  In Jack's experience as a property developer, landscape companies typically brought in a crew of 20 to 30 people and completed the landscaping within two to three weeks.  Jack expected that Nieto would do the same and finish quickly, especially because this property was a small lot.  Instead, Nieto usually sent only two or three crew members to work each day, and was far from completion after four months of work.

---

[1]  Plaintiff requested that "Page 15" be included in the clerk's transcript, but it was not.  None of the exhibits admitted at trial are included in the appellate record.

6

Jack testified that Heyden Landscaping did not complete the job with quality workmanship and in a timely manner; it abandoned the job before the work was completed; the City rejected the work that Heyden Landscaping had performed; and Heyden Landscaping did not complete the job in conformance with the contract, plans, drawings, and City requirements.

Nieto contends that Heyden Landscaping could not have finished the job until an incorrectly installed backflow valve was corrected. The court rejected this claim. This ruling is supported by testimony from Jack and Regan that Heyden Landscaping could have proceeded with other work before the backflow valve was corrected. Further, Heyden Landscaping could not connect to the backflow valve until its other work and material were approved by the City. The City never approved the work performed or materials used by Heyden Landscaping. The backflow valve did not prevent Heyden Landscaping's performance.

Substantial evidence supports the court's finding that RSF did not owe any money to Nieto because the work performed by Heyden Landscaping did not comply with the contract. (*Magic Carpet Ride*, *supra*, 41 Cal.App.5th at p. 364; *Schellinger*, *supra*, 2 Cal.App.5th at p. 1002.)

B. *Requirement to Hire Cash Laborers*

Nieto also alleges that RSF breached the contract by ordering Nieto to use "cash laborers" on the job. The court found not credible Nieto's claims that RSF tried to force him to use cash laborers. Even if RSF wanted Nieto or tried to persuade Nieto to use cash laborers to speed up the work, Nieto was not required to hire such laborers. Nieto could have continued working on the job with a sufficient number of his own workers to promptly complete the work.

7

Nieto testified that RSF insisted that he use and pay a worker who was present at the site on September 18, the day of the argument and Nieto's leaving the worksite. Regan testified that the person identified by Nieto showed up onsite looking for work but RSF did not hire him. Nieto admitted that he never hired or paid any cash laborers for the project.

We accept the court's determination that Nieto was not credible in stating that RSF required that he use cash laborers. (*Balcof, supra,* 141 Cal.App.4th at p. 1531.) Nieto could have–and was obligated to–provide enough of his own workers to timely complete the project. Substantial evidence supports the court's finding that RSF did not breach the contract by forcing Nieto to hire cash laborers. (*Fladeboe, supra,* 150 Cal.App.4th at pp. 60–62.)

III. *Attorney Fees*

Nieto contends the trial court erred in awarding attorney fees to RSF, arguing that he prevailed and that RSF was required to mediate the attorney-fee dispute before pursuing legal action for the fees. He also contends the amount of attorney fees awarded was unreasonable and should be reduced.

We lack jurisdiction to review the attorney fees award because Nieto failed to timely appeal that award. We therefore dismiss this portion of his appeal.

" ' "An appellate court has no jurisdiction to review an award of attorney fees made after entry of the judgment, unless the order is separately appealed." [Citation.] " ' [W]here several judgments and/or orders occurring close in time are separately appealable (e.g., judgment and order awarding attorney fees), each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in

8

order to be reviewable on appeal." ' [Citations.] Indeed, ' " [w]hen a party wishes to challenge both a final judgment *and* a postjudgment costs/attorney fee order, the normal procedure is to file *two separate appeals*: one from the final judgment, and a second from the postjudgment order.' " [Citation.] ' " ' "[I]f a judgment or order is appealable, an aggrieved party must file a timely appeal or forever lose the opportunity to obtain appellate review." ' " ' [Citation.]" (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 1007–1008.)

Nieto's notice of appeal, filed July 30, 2019, specified that he was appealing only from the judgment after the court trial, filed June 28, 2019. Nieto's notice of designation of record contains no pleadings relating to the motion for attorney fees. Nieto did not file an additional notice of appeal after the amended judgment, including costs and attorney fees, was filed on September 18, 2019, and failed to supplement the record with the pertinent pleadings and argument. He failed to appeal the postjudgment order for attorney fees, and we have no jurisdiction to consider that issue.

Even if we had jurisdiction, we could not address his claims of error because none of the pleadings related to the attorney fees are included in the record. There would be no basis for overruling the order of the judge. The appellant " 'has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) We cannot rule on the issue of attorney fees.

DISPOSITION

We affirm the judgment. Costs awarded to plaintiff and cross-defendant RSF Associates, LLC.

BENKE, Acting P. J.

WE CONCUR:


HALLER, J.


O'ROURKE, J.

10